PER CURIAM.
Defendant, City of Newark, appeals from a Tax Court judgment granting a tax exemption for property owned by plaintiff, Catholic Community Services, and leased to the United States Postal Service (Post Office). Defendant contends that the lease destroys plaintiff’s otherwise valid exemption under N.J.S.A. 54:4-3.6 because the Post Office, a federal agency immune from taxation, is not one of the specific exempt entities enumerated in N.J.S.A. 54:4-3.6.
We combine the procedural history and relevant facts. On March 29, 2001, plaintiff filed two separate petitions of appeal with the Essex County Board of Taxation for tax year 2001, claiming an exemption for 494 Broad Street, which included two lots, one containing the Post Office building and the other the accompany *59 ing parking lot. Plaintiff claimed an exemption as a religious or charitable organization. Although plaintiffs qualification as a tax-exempt organization was undisputed, defendant issued an assessment based upon plaintiffs use of the property, namely its lease to the Post Office.
Plaintiff filed complaints in the Tax Court, challenging the assessment for the 2001, 2002, and 2003 tax years. Plaintiff moved for summary judgment and defendant responded with its cross-motion for summary judgment.
In a published decision on September 14, 2004, Judge Raymond Hayser concluded that plaintiff did not lose its tax-exemption on the building and parking lot leased to the Post Office. Catholic Cmty. Servs. v. City of Newark, 21 N.J.Tax 633 (Tax 2004). An order granting summary judgment and memorializing the judge’s decision was entered on the same date.[1] Noting that plaintiff was already a tax-exempt organization, Judge Hayser, in his letter opinion to the parties, concluded, “the intent of the Legislature was to preserve the lessor organization’s exemption when they leased property to another non-tax paying entity.” He determined that the label “tax exempt” used in N.J.S.A. 54:4-3.6 was intended by the Legislature to include “tax immune” organizations. Id. at 641.
On appeal, defendant asserts that the terms “tax exempt” and “tax immune” are not interchangeable and Judge Hayser erred in focusing on whether the two terms were synonymous rather than whether the Post Office was a “different exempt use” than that contemplated by the 2001 amendment to N.J.S.A. 54:4-3.6. We disagree and affirm the judgment of the Tax Court substantially for the reasons expressed by Judge Hayser in his published opinion.[2]
Affirmed.

 The order also dealt with additional properties and issues not relevant to this appeal.

 Plaintiff's contention that the appeal is procedurally deficient because defendant filed only one appeal for several tax years is rendered moot by our *60 determination. Nevertheless, we are constrained to point out that the single notice of appeal was properly filed by defendant because a single judgment was entered by the Tax Court for the docket numbers associated with the various tax years, thus effectively consolidating the matters.